UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------}{

JAMES JACKSON,

                    Plaintiff,

              -against-

THE CITY OF NEW YORK and
P.O. JOHN DOE #1-10, Individually and in their
Official Capacity (the name John Doe being
fictitious, as the true names are presently unknown),

                    Defendants.

---------------------------------------------------------------}{

**COMPLAINT**

**JURY TRIAL DEMANDED**

ECF CASE

RECEIVED
NOV 20 2013
U.S.D.C. S.D. N.Y.
CASHIERS

CITY OF N.Y. LAW DEPT.
OFFICE OF CORP. COUNSEL
COMMUNICATIONS UNIT
2013 DEC 11 PM 3:39

      Plaintiff, James Jackson, by his attorney Kafahni Nkrumah Esq., complaining of the defendants, respectfully allege as follows:

### PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff, JAMES JACKSON, is an African-American male and has been at all relevant times a resident of the City of Richmond and State of Virginia.

7.      Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9.      At all times hereinafter mentioned, the individually named defendants, P.O.s "JOHN DOE" #1-#10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said Defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13.     On or about August 26, 2012, at approximately 2:00 a.m., plaintiff, James Jackson, was lawfully present, walking through Crotona Park en route to his grandmothers' residence, 1357 Boston Road #2B, which is located in the County of the Bronx, City and State of New York.

14.     At the aforesaid time and place, defendant officers blocked plaintiffs path with their unmarked vehicle and ordered plaintiff and other individuals plaintiff was walking with to stop as they were running through the park headed towards Boston Road. The officers, with weapons drawn, asked the plaintiff and his companions where they were headed, and upon answering the officer, the plaintiff was ordered to sit on the curb of the roadway as the officer proceeded to radio other for back-up.

15.     Soon thereafter, several defendant officers came upon the scene, ordered the plaintiff and his friends to stand up, and placed their hands behind their back, whereas plaintiff was handcuffed and placed in the back of the unmarked patrol vehicle and then plaintiff and his companions were transported to the police precinct.

16.   Upon information and belief, the police officers did not have probable cause to execute an arrest of plaintiff nor was the arrest made pursuant to a valid arrest warrant.

17.   Upon information and belief, plaintiff was not listed or described as a suspect or target on any application for any warrant.

18.   Despite the lack of criminal activity, defendant officers handcuffed plaintiff James Jackson with their arms tightly behind their backs without informing them why they were being arrested.

19.   At no time on August 26, 2012, did plaintiff James Jackson behave unlawfully in anyway.

20.   At no time on August 26, 2012, did defendants possess probable cause to arrest plaintiff James Jackson.

21.   At no time on August 26, 2012 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff James Jackson.

22.   As a result of his unlawful arrest plaintiff JAMES JACKSON spent approximately forty-three (43) hours in police custody before being released without any criminal charges being filed.

23.   As a result of the foregoing, plaintiff James Jackson sustained, *inter alia,* loss of liberty, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

FIRST CLAIM FOR RELIEF<br>DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

24.   Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs numbered "1" through "23" with the same force and effect as if fully set forth herein.

25.   All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

26.   All of the aforementioned acts deprived plaintiff James Jackson of the rights, privileges

and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments
to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

27.     The acts complained of were carried out by the aforementioned individual defendants
in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

28.     The acts complained of were carried out by the aforementioned individual defendants
in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the
rules of the City of New York and the New York City Police Department, all under the supervision
of ranking officers of said department.

29.     Defendants, collectively and individually, while acting under color of state law,
engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective
municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF FALSE
## ARREST UNDER 42 U.S.C. § 1983

30.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in
paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31.     As a result of the aforesaid conduct by defendants, plaintiffs were subjected to
illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely
imprisoned, detained, and confined, without any probable cause, privilege or consent.

32.     As a result of the foregoing, plaintiff' liberty was restricted for extended
periods of time, he was put in fear for his safety, and he was humiliated and subjected to
handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

40.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in
paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     Defendants misrepresented a n d  falsified evidence before the New York County District Attorney.

42.     Defendants did not make a complete and full statement of facts t o  the District Attorney.

43.     Defendants withheld exculpatory evidence from the District Attorney.

44.     Defendants were directly  and actively i n v o l v e d  in the arrest o f plaintiff James Jackson.

45.     Defendants  lacked  probable  cause  to  arrest the plaintiff James Jackson.

46.     Defendants acted with malice in arresting the plaintiff James Jackson.

47.     Defendants w e r e directly and actively involved in the initiation of criminal proceedings against plaintiff James Jackson.

48.     D efendants lacked probable cause to continue criminal proceedings against plaintiff James Jackson.

49.     Defendants acted with malice in continuing criminal proceedings against plaintiff J a m e s  J a c k s o n .

50.     Defendants misrepresented and falsified e v i d e n c e  throughout all phases of the criminal proceedings.

51.     Specifically d efendants illegally, and without probable cause, falsely arrested plaintiff pushed defendant officers and prevented defendants from investigating the situation.

52.     Notwithstanding the perjurious and fraudulent conduct of defendants, the plaintiff was released from custody, after forty-three, August 25, 2012.

53.     As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, he was put in fear for his, safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FOURTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

54.    Plaintiff  repeat,  reiterate and reallege  each and every allegation  contained in paragraphs "1" through "54" as if the same were more fully set forth at length herein.

55.    Defendants created false evidence against plaintiff James Jackson.

56.    Specifically, defendants falsely and knowingly alleged that plaintiff pushed defendant officers and prevented defendants from investigating the situation.

57.    Defendant forwarded false evidence and false information to prosecutors in the Bronx County District Attorney's office.

58.    Defendants misled the prosecutors   by creating   false evidence against plaintiff James Jackson and thereafter providing false testimony throughout the criminal proceedings.

59.    In creating false  evidence  against   plaintiff James Jackson, in forwarding false evidence and information  to prosecutors, and in providing   false and misleading  sworn statements, defendants violated plaintiffs' constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

60.    As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, he was put in fear for his, safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FIFTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

62.    Plaintiff repeats, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

64.    The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

> i.  arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics; and
>
> ii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

65.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

66.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proxinlate cause of the constitutional violations suffered by plaintiffs as alleged herein.

67.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

68.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs' constitutional rights.

69.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff James Jackson's constitutional rights.

70.     The acts complained of deprived plaintiffs of their rights:

     i.     Not to be deprived of liberty without due process of law;

     ii.    To be free from seizure and arrest not based upon probable cause;

     iii.   To be free from unlawful search;

     iv.    Not to have summary punishment imposed upon them;

     and v. To receive equal protection under the law.

## PENDANT STATE CLAIMS

71.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.     On or about August 25, 2012 and within ninety (90) days after the claim herein accrued, the plaintiffs duly served upon, presented to and filed with defendant THE CITY OF NEW YORK, a Notice of Claim on behalf of both plaintiffs setting forth all facts and information required under the General Municipal Law§ 50 (e).

73.     Defendant THE CITY OF NEW YORK has conducted the hearing pursuant to General Municipal Law§ 50-h for plaintiff.

74.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

75.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

76.     This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## ASSAULT

77.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78.     Defendants' aforementioned actions placed plaintiffs in apprehension of imminent harmful and offensive bodily contact.

79.     As a result of defendants' conduct, plaintiff JAMES JACKSON has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## BATTERY

80.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81.     Defendant police officers touched plaintiff JAMES JACKSON in a harmful and offensive manner.

82.     Defendant police officers did so without privilege or consent from plaintiff.

83.     As a result of defendants' conduct, plaintiff JAMES JACKSON has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

## THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## FALSE ARREST

84.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85.     Defendant police officers arrested  plaintiff JAMES JACKSON in the absence of probable cause and without a warrant.

86.     As a result of the aforesaid conduct  by defendants, plaintiff JAMES JACKSON was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated. The aforesaid actions by the defendants constituted a deprivation of the plaintiff' rights.

## FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## FALSE IMPRISONMENT

87.     Plaintiffs repeat, reiterate and reallege  each and every allegation  contained in paragraphs numbered "1" through "86" with the same  force  and effect as if fully set forth herein.

88.     As a result of the foregoing, plaintiff JAMES JACKSON was falsely imprisoned, his liberty was restricted for an extended period of time, he was placed in fear for his safety, he was humiliated and subjected to handcuffing, and other physical restraints.

89.     Plaintiff were conscious of said confinement and did not consent to same.

90.     The confinement of plaintiff was without probable cause and was not otherwise privileged.

91.     As a result of the aforementioned conduct, plaintiff has suffered  physical  and mental injury, together with embarrassment, humiliation, shock,  fright and loss of freedom.

## FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

92.     Plaintiff repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

94.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

95.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

96.    The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiffs.

97.    As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, and physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRINGffRAINING/SUPERVISION/RETENTION

98.    Plaintiff repeat, reiterate and reallege each and every allegation contained in paragraphs numbered ·"1" through "97" with the same force and effect as if fully set forth herein.

99.    Defendant, CITY OF NEW YORK, selected, hired, trained, retained, assigned and ·supervised all members of its Police Department, including the defendants individually named above.

100.    Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

101.    Due to the negligence of the defendants as set forth above, plaintiff JAMES JACKSON suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

102.    As a result of the foregoing, plaintiff is entitled to compensatory damages and is

further entitled to punitive damages against the individual defendants.

        **WHEREFORE,** plaintiff respectfully request judgment against defendants as

follows:

    i.  an order awarding compensatory damages in an amount to be determined
at trial;

    ii.  an order awarding punitive damages in an amount to be determined at
trial;

    iii.  reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

    iv.  directing such other and further relief as the Court may deem just and
proper, together with attorneys' fees, interest, costs and disbursements of
this action.

Dated:  New York, New York
        November 19, 2013

                          Respectfully Submitted,

                          KAFAHNI NKRUMAH, Esq.
                          Attorney for Mr. Jackson

                          Kafahni Nkrumah L.L.P.
                          116 W. 111th Street
                          New York, NY 10026
                          212-678-4960 (o)
                          877-316-9241 (24hr service)
                          212-222-2680 (f)
                          kankrumahesq@aol.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMES JACKSON,

                              Plaintiff,

            -against-

THE CITY OF NEW YORK and P.O.'s "JOHN DOE
" #I-I 0, Individually and in their Official Capacity
(the name John Doe being fictitious, as the true
names are presently unknown),

                    Defendants.

---

# SUMMONS AND COMPLAINT

---

## KAFAHNI NKRUMAH LLP

---

*Attorney for plaintiff*
*Ojjice and Post Office Address, Telephone*
116 W. 111th Street
New York, New York 10026
(212) 678 - 4960

Signature (Rule 130-1 .1 a)

---

Print Name Beneath

---

To
Attorney(s) for Defendants

---

Service of a copy of the within is hereby admitted·.            Dated

_____

Attorney(s) for

---

PLEASE TAKE NOTICE

Q   NOTICE OF ENTRY

    that the within is a (certified) true copy of a
    duly entered in the office of the clerk of the within named court on            20

Q   NOTICE OF SETTLEMENT

    that an order                              of which the within is a true copy
    . will be presented for settlement to the HON.        one of the judges of the
    within named Court, at
    on                    20        at

Dated,                                          Yours, etc.